UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| ERIK WILLIS,<br><br>          Petitioner,<br><br>     vs.<br><br>FRANCIS SEQUEIRA, WARDEN OF OAHU COMMUNITY CORRECTIONAL CENTER;<br><br>          Respondent. | CIV. NO. 20-00386 LEK-KJM |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING CERTIFICATE OF APPEALABILITY**

Before the Court is Petitioner Erik Willis's ("Willis") Petition for Writ of Habeas Corpus ("Petition"), filed on September 1, 2020. [Dkt. no. 1.] Respondent Francis Sequeira, Warden of Oahu Community Correctional Center ("the Warden" and "OCCC"), filed his Answer to the Petition for Writ of Habeas Corpus ("Answer") on September 28, 2020, and Willis filed his reply to the Answer on October 1, 2020. [Dkt. nos. 4, 8.] On November 13, 2020, an entering order was issued informing the parties of the Court's ruling on the Petition. [Dkt. no. 10.] The instant Order supersedes that entering order. For the reasons stated below, Willis's Petition is hereby denied, and a certificate of appealability is also denied.

**BACKGROUND**

On July 11, 2020, Willis was arrested for attempted murder in the second degree, related to the stabbing of M.K. on July 8, 2020, and the arresting officer executed a Declaration in Support of Warrantless Arrest. [Answer, App'x A (Judicial Determination of Probable Cause for the Extended Restraint of Liberty of Warrantless Arrestee) at 2-4.] On July 12, 2020, Judge Michael Tanigawa of the State of Hawai`i, District Court of the First Circuit, Honolulu Division ("state district court"), found that there was probable cause for the arrest. [Id. at 1.] Judge Tanigawa also set Willis's bail at $200,000. [Answer, App'x B (Complaint and Warrant of Arrest).] Willis posted a bail bond on July 13, 2020 and was released. [Id., App'x C (Bail Bond, with receipt).]

On July 24, 2020, the grand jury in the State of Hawai`i, First Circuit Court ("state circuit court"), indicted Willis for one count of attempted murder in the second degree, and a Grand Jury Bench Warrant was issued. [Id., App'x D (Indictment in State v. Willis, Case No. 1CPC-20-0000887 ("state circuit court case")), App'x E (bench warrant).] Judge Edwin Nacino increased Willis's bail to one million dollars. [Id., App'x E at 2.] The Grand Jury Bench Warrant was returned on July 26, 2020. [Id., App'x F.]

2

On July 28, 2020, Willis filed a Motion for Bail Reduction ("Willis Bail Motion") and an ex parte motion to shorten time for the hearing on the motion. [Id., App'x G (motion to shorten time), App'x H (Willis Bail Motion).] The next day, the State of Hawai`i ("the prosecution") filed a Motion to Deny Defendant Bail ("Prosecution Bail Motion") and an ex parte motion to shorten time for the hearing on the motion. [Id., App'x I (motion to shorten time), App'x J (Prosecution Bail Motion).]

On July 30, 2020, state circuit court Judge Shirley Kawamura held a hearing on both motions. [Id., App'x K (Findings of Fact, Conclusions of Law, and Order Granting State of Hawai`i's Motion to Deny Defendant Bail and Denying Defendant's Motion for Bail Reduction, filed 8/7/20 ("8/7/20 Bail Order")) at 1.] Among the documents that Judge Kawamura considered were the Pretrial Bail Report, filed on July 29, 2020, and a letter from the State of Hawai`i, Department of Health ("DOH Letter"). [Id., App'x K (8/7/20 Bail Order) at 1; id., App'x K at 4, ¶ 8.] The bail report was prepared "by the Oahu Intake Service Center utilizing an objective pretrial assessment tool which assessed Defendant's risk level as high." [Answer, App'x K at 2, ¶ 7.] Judge Kawamura noted there was no "evidence of a plan for further monitoring or further treatment of [Willis]." [Id., App'x K at 3, ¶ 10.] She found that Willis

3

had "not presented any evidence or any condition or combination of conditions that would reasonably assure [Willis's] appearance as required and the safety of any other person and the community." [Id., App'x K at 3, ¶ 11.]

Judge Kawamura concluded that Haw. Rev. Stat. § 804-3(b)(3) allows for the denial of bail "where the charge is for a serious crime and '[t]here is a serious risk that the person poses a danger to any person or the community.'" [Answer, App'x K at 4, ¶ 5 (alteration in 8/7/20 Bail Order).] Judge Kawamura therefore granted the Prosecution Bail Motion and denied the Willis Bail Motion. [Id., App'x K at 4, ¶ 9.]

On August 3, 2020, based on Judge Kawamura's oral ruling at the July 30, 2020 hearing, Willis filed a Petition for Writ of Habeas Corpus and/or Mandamus with the Hawai`i Supreme Court. [Id., App'x L (petition filed in Willis v. Kawamura, SCPW-20-0000494).] On September 2, 2020, the supreme court issued an order denying the petition because "it cannot be said that the respondent judge committed a flagrant and manifest abuse of discretion in denying bail under the specific facts and circumstances of this case." [Id., App'x M at 1 (citations omitted).[1]]

---

[1] The supreme court's September 2, 2020 order in Willis v. Kawamura is also available at 2020 WL 5231602.

4

On September 5, 2020, Willis filed a Motion to Compel Production of Defendant for Secure Meetings with Defense Counsel ("Motion to Compel").  [Petition, Decl. of Eric A. Seitz ("Seitz Decl."), Exh. 7.[2]]  In his September 4, 2020 declaration in support of the Motion to Compel, Mr. Seitz stated that, while Willis has been held without bail, Mr. Seitz had "been unable to visit with him or to otherwise consult or communicate with him regarding his defense and the preparations for a trial" in the state circuit court case.  [Id., Exh. 7 at PageID #: 105, ¶ 3.] Further, Mr. Seitz stated:

> (4)  I am informed and believe that all attorney visits at OCCC have been cancelled and, in any event, it would be unsafe for me to visit him at that location in which there have been over three hundred confirmed cases of COVID-19 among inmates and staff in the past month or less.
>
> (5)  I have made repeated attempts to contact Mr. Willis by telephone and only have been allowed to speak with him briefly on three occasions when he has called my office collect on telephone lines that are not secure.
>
> (6)  I have written letters to the warden at OCCC and to the Director of Public Safety requesting their assistance so that I can confer with Mr. Willis in a timely and secure matter, [sic] but they have not responded or provided any assistance whatsoever.

---

[2] Eric Seitz, Esq., is Willis's counsel, in the instant case and in all state court proceedings addressed in this Order.

5

[Id., Exh. 7 at PageID #: 105-06.]  The relief requested in the Motion to Compel was a court order requiring the State of Hawai`i to transport Willis to an unspecified "safe and secure location" where Mr. Seitz and his associates could meet with Willis to prepare for trial.  [Id., Exh. 7 at PageID #: 106, ¶ 8.]

      Along with the Motion to Compel, Willis filed an ex parte motion to shorten time for the hearing on the Motion to Compel.  [Id., Exh. 8.]  The ex parte motion was denied, and the Motion to Compel was scheduled for hearing on October 7, 2020.  [Id., Exh. 9 (electronic notice of the denial of the ex parte motion).]  Neither Willis nor the Warden has submitted evidence regarding the outcome of the Motion to Compel.  According to the court minutes available in the state circuit court's electronic case filing system, a videoconference hearing on the Motion to Compel was held on October 7, 2020, with the participation of the Warden and Deputy Attorney General Lisa Itomura, on behalf of the State of Hawai`i Department of Public Safety. State v. Willis, 1CPC-20-0000887, dkt. no. 83.[3]  The state circuit court denied the Motion to Compel, but it "requested" that the Warden

---

[3] The Court takes judicial notice of the case-related events reflected in the court records of Willis's state circuit court case because those events are "not subject to reasonable dispute because" they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." See Fed. R. Evid. 201(b)(2).

6

and Ms. Itomura look into and address any flaws in OCCC's system for collect calls and that they arrange videoconference meetings between Willis and Mr. Seitz.  Id.  The prosecution was directed to prepare a proposed order.  Id.  The prosecution submitted a proposed order on October 23, 2020, but it apparently has not been signed by the state circuit court.  See State v. Willis, 1CPC-20-0000887, dkt. no. 84.

In the instant Petition, Willis contends the bail determinations in the state circuit court case have violated his rights under the Eighth Amendment excessive bail clause and the Fourteenth Amendment due process clause, and he seeks to have his original bail of $200,000.00, which was established by the state district court, restored.  He also argues he has been deprived of the opportunity to meet with counsel to prepare for trial, in violation of his Sixth Amendment right to adequate representation by counsel.

## **STANDARD**

This district court has stated:

> When a . . . state prisoner contends that he "is in custody in violation of the Constitution or laws or treaties of the United States," § 2241 confers a general grant of habeas jurisdiction. 28 U.S.C. § 2241(a) and (c)(3). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person

7

> detained is not entitled thereto."  28 U.S.C. § 2243.
>
> . . . .
>
> "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983."  Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam).  Habeas relief extends to a prisoner in custody under the authority of the United States.  See 28 U.S.C. § 2241.  A petitioner challenging the manner, location, or conditions of the execution of his sentence must file a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See, e.g., United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 19[8]0) (distinguishing between a § 2255 petition, which tests the imposed sentence, with a § 2241, which tests the sentence "as it is being executed").  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus."  Muhammad, 540 U.S. at 750 (citation omitted); Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (holding that a prisoner's claims are within the core of habeas corpus if they challenge the fact or duration of his conviction or sentence).

Schulze v. Fed. Bureau of Prisons, CIVIL NO. 19-00669 JAO-WRP, 2019 WL 7038254, at *1-2 (D. Hawai`i Dec. 20, 2019) (some alterations in Schulze).

Because the issues raised in Willis's Petition are legal issues that can be conclusively decided based on the parties' submissions, an evidentiary hearing is not necessary. See Anderson v. United States, 898 F.2d 751, 753 (9th Cir. 1990) (per curiam) ("because the record conclusively shows that

8

petitioner is not entitled to habeas corpus under 28 U.S.C. § 2241, no evidentiary hearing was required").

## DISCUSSION

### I. *Younger* Abstention

This district court has stated,

> a federal court is prohibited from enjoining a state criminal proceeding without a valid showing of "extraordinary circumstances" warranting federal intervention. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Under Younger, federal courts may not stay or enjoin pending state criminal court proceedings, nor grant monetary damages for constitutional violations arising from them. See Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986).
>
> Younger abstention is appropriate when state court proceedings (1) are ongoing; (2) implicate important state interests; and (3) provide an adequate opportunity to raise the constitutional claims. See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982);[4] Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018); Baffert v. Cal. Horse Racing Bd., 332 F.3d 613, 617 (9th Cir. 2003). When Younger is satisfied, a federal court may exercise jurisdiction only when state proceedings are conducted in bad faith or extraordinary circumstances exist. See Baffert, 332 F.3d at 617.

---

[4] Younger and subsequent cases applying the Younger analysis, such as Middlesex County Ethics Commission, have been limited to "three exceptional categories" of cases: "ongoing state criminal prosecutions"; "certain civil enforcement proceedings"; and "pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 78 (2013) (alteration, citations, and internal quotation marks omitted). Because Willis's state circuit court case falls with the first category, the traditional Younger analysis applies.

9

McCoy v. Sequeira, CIV. NO. 20-00384 DKW-RT, 2020 WL 5604031, at *3 (D. Hawai`i Sept. 18, 2020) (some citations omitted).

According to the state circuit court's records, Willis's case is scheduled for trial the week of June 7, 2021. State v. Willis, 1CPC-20-0000887, dkt. no. 175. Thus, the first requirement for Younger abstention is met because Willis's state circuit court case is ongoing. See McCoy, 2020 WL 5604031, at *3 (citing Burton v. Stewart, 549 U.S. 147, 156 (2007) ("Final judgment in a criminal case means sentence. The sentence is the judgment." (citation omitted))).

The second requirement is also met because the State of Hawai`i "has an important interest in enforcing its criminal laws and maintaining the integrity of its criminal proceedings." See id. (citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 13 (1987) (explaining that enforcement of state court judgments and orders implicates important state interests); California v. Mesa, 813 F.2d 960, 966 (9th Cir. 1987) ("[A state's] ability to protect its citizens from violence and other breaches of the peace through enforcement of criminal laws is the centermost pillar of sovereignty.")).

As to the third Younger requirement, Willis had adequate opportunities to bring challenges in the state courts regarding his bail status and his lack of access to his counsel,

10

and he will have further opportunities as the state circuit court case proceeds. In addition to the proceedings discussed *supra*, Willis filed another petition seeking a writ of habeas corpus and/or mandamus from the Hawai`i Supreme Court on December 21, 2020; that petition was also denied. See Willis v. Souza, SCPW-20-0000766, 2021 WL 82384 (Hawai`i Jan. 11, 2021). On December 15, 2020, Willis filed a motion in the state circuit court case, seeking release on terms of supervision. State v. Willis, 1CPC-20-0000887, dkt. no. 101. That motion was denied on March 22, 2021. Id., dkt. no. 165. Nothing in the record of the instant case suggests that Willis cannot further challenge the state circuit court's rulings on the issues identified in his current Petition after the resolution of the state circuit court case, when he takes his direct appeal to the state appellate courts. See McCoy, 2020 WL 5604031, at *3 ("'The "adequate opportunity" prong of Younger . . . requires only the absence of "procedural bars" to raising a federal claim in the state proceedings.'" (alteration in McCoy) (quoting Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n, 196 F.3d 1011, 1020 (9th Cir. 1999))).

        Thus, all of the requirements for Younger abstention are present in this case. Willis has not presented any evidence which indicates: that the prosecution is litigating the state circuit court case in bad faith; that the state courts are

11

handling the case in bad faith; or that there are other extraordinary circumstances which warrant an exception to the Younger abstention doctrine. See Baffert, 332 F.3d at 617. This Court must therefore abstain from interfering with Willis's state circuit court case at this time. Cf. McCoy, 2020 WL 5604031, at *3 ("The Court must abstain from interfering in McCoy's ongoing state criminal proceedings until they are concluded through direct appeal.").

Willis's Petition must be dismissed, without prejudice to the filing of a new § 2241 petition, if one is appropriate after the conclusion of the state circuit court case.

## II. Certificate of Appealability

Because this Order denies Willis habeas relief, this Court must address whether he is entitled to a certificate of appealability. In the context of a 28 U.S.C. § 2254 petition,[5] this district court has stated:

> Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to rule on whether a petitioner is entitled to a certificate of appealability when it enters a final order adverse to the applicant. See also,

---

[5] The rules applicable to § 2254 petitions also apply to petitions brought under § 2241. See, e.g., Tanner v. MacDonald, Civ. No. 11-00255 SOM/RLP, 2011 WL 1598838, at *1 n.2 (D. Hawai`i Apr. 27, 2011) (some citations omitted) (citing Castillo v. Pratt, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); United States v. Recinos-Gallegos, 151 F. Supp. 2d 659 (D. Md. 2001)); see also § 2254 Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a).").

12

> Fed. R. App. P. 22(b).  Reasonable jurists would not find the dismissal of Williams's Petition as unexhausted as debatable or wrong.  See Gonzalez v. Thaler, 565 U.S. 134, 141 (2012).

Williams v. Espinda, CIV. NO. 19-00478 LEK-RT, 2019 WL 4418016, at *4 (D. Hawai`i Sept. 16, 2019).  Reasonable jurists would not find that the rulings in this Order regarding Willis's Petition are debatable.  A certificate of appealability therefore will not be issued.

## CONCLUSION

For the foregoing reasons, Willis's Petition for Writ of Habeas Corpus, filed September 1, 2020, is HEREBY DENIED.  The Clerk's Office is DIRECTED to enter judgment in favor of the Warden and to close the case on **April 13, 2021**, unless Willis files a timely motion for reconsideration of the instant Order.  In addition, this Court DENIES a certificate of appealability.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 29, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**ERIK WILLIS VS. FRANCIS SEQUEIRA, ETC.; CV 20-00386 LEK-KJM; ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**